J-A08010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD HEMSLEY | : | |
| | : | |
| Appellant | : | No. 1217 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 13, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003062-2022

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

JUDGMENT ORDER BY LAZARUS, P.J.:           **FILED JULY 16, 2025**

Ronald Hemsley appeals from the judgment of sentence, imposed in the Court of Common Pleas of Philadelphia County, after the trial court convicted him, in a nonjury trial, of carrying a firearm on the streets of Philadelphia. ***See*** 18 Pa.C.S.A. § 6108.[1] On appeal, Hemsley challenges the constitutionality of section 6108 on, inter alia, equal protection grounds. In light of this Court's recent decision in ***Commonwealth v. Sumpter***, --- A.3d ---, 2025 WL 1729995 (Pa. Super. 2025), we vacate Hemsley's judgment of sentence and discharge him.

_____

[1] Section 6108 provides, in relevant part, that "[n]o person shall carry a firearm, rifle[, or shotgun at any time upon the public streets or upon any public property in a city of the first class unless . . . such person is licensed to carry a firearm[.]" 18 Pa.C.S.A. § 6108. Philadelphia is the Commonwealth's sole city of the first class. ***See Crawford v. Commonwealth***, 326 A.3d 850, 859 (Pa. 2024).

At approximately 8:00 a.m. on June 28, 2021, Philadelphia police officers responded to 8230 Michener Avenue after receiving a radio call for "a person with a gun." N.T. Nonjury Trial, 2/2/23, at 20-21. Upon arrival, police found Hemsley in possession of a gun for which he did not have a license. Hemsley was arrested and charged with violating sections 6106 and 6108 of the Uniform Firearms Act. *See* 18 Pa.C.S.A. §§ 6101-6128.

On January 30, 2023, Hemsley filed a motion to dismiss, arguing that sections 6106 and 6108 are unconstitutional. Following argument, the Honorable Timika Washington denied the motion. That same day, Hemsley proceeded to a nonjury trial before Judge Washington, who granted Hemsley's motion for judgment of acquittal as to the concealed-carry charge under section 6106 and convicted him of the section 6108 offense. On April 13, 2023, Judge Washington sentenced Hemsley to two years of probation with the possibility of early termination at 18 months. *See* Order of Sentence, 4/17/23. Hemsley filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following claims for our review:

> 1. Does [section] 6108 on its face and as applied violate rights guaranteed by the United States Constitution, and independently the Pennsylvania Constitution?
>
>> A. Does [section] 6108 violate Equal Protection rights because open carry without a license is lawful everywhere else in Pennsylvania, and there is no legitimate purpose for making the same conduct a crime for people who live in Philadelphia?

B. Should this Court declare [s]ection 6108 unconstitutional because the Pennsylvania Constitution confers a right to open carry without a license?

C. Is Pennsylvania's licensing scheme, 18 Pa.C.S.[A.] § 6109, a violation of Second Amendment rights because it provides impermissible discretion to officials to refuse to issue a license?

Brief of Appellant, at 2.

Recently, in **Sumpter**, **supra**, this Court addressed a nearly identical challenge to the constitutionality of section 6108. As in the instant matter, Sumpter was arrested while openly carrying a firearm on the streets of Philadelphia and convicted of violating section 6108. Like Hemsley, Sumpter raised an equal protection claim and asserted that there was no legitimate basis for section 6108's discriminatory treatment of the citizenry of Philadelphia with regard to their constitutional right to bear arms. This Court agreed, concluding that

[section] 6108 is unconstitutional on an equal protection basis as applied to [Sumpter]. The right to keep and bear arms outside the home is a fundamental right protected by the Second Amendment. Section 6108 requires persons who wish to openly carry a firearm on public streets and public property in Philadelphia to obtain a carry license. Open carry without a license is lawful for those 18 years of age and older elsewhere in the Commonwealth but criminal in Philadelphia. Thus, [section] 6108 places persons within the City of Philadelphia at a special disadvantage in the exercise of their Second Amendment right[s]. The Commonwealth has failed to articulate a compelling interest in support of [section] 6108. Section 6108 fails to pass strict scrutiny and is[,] therefore[,] unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as applied to Appellant.

**Id.** at 18-19.

Based on the holding in **Sumpter**, we likewise conclude that section 6108 is unconstitutional as applied to Hemsley. Accordingly, we vacate his judgment of sentence and discharge him.[2]

Judgment of sentence vacated. Appellant discharged.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2025

---

[2] Due to our disposition, we need not address Hemsley's remaining claims.